UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Robert Taylor,  No. 4:07-CV-1931

    Petitioner,

v.  **MEMORANDUM AND ORDER**

Don Roper,

    Respondent.

---

This matter is before the Court[1] on a Petition for a Writ of Habeas Corpus. Petitioner is a state prison inmate. He claims that he is being confined in violation of his rights under the United States Constitution and brings this Petition pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

In February 1998, Petitioner was convicted after a jury trial in Missouri state court of three counts of first-degree robbery and one count of second-degree robbery. He was sentenced to two consecutive life terms, a concurrent 25-year term, and a concurrent 15-year term. Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri.

The robberies for which Petitioner was convicted occurred in July and August 1996. Petitioner was arrested on other charges in August 1996. A criminal complaint regarding the July 1996 robberies was filed in October 1996, and the grand jury issued an Indictment charging Petitioner with those robberies in November 1996. Petitioner remained in custody

---

[1] Chief Judge Loken of the United States Court of Appeals for the Eighth Circuit designated and assigned the undersigned to this matter. (Docket No. 4.)

on the unrelated charges and was not informed about the Indictment charging him with the July 1996 robberies. In late June 1997, the prosecutor informed Petitioner of the instant Indictment. He was called before the court for a first appearance on that Indictment in July 1997 and was arraigned in August 1997. As noted above, his trial did not take place until February 1998, more than one and one-half years after the charged robberies.

Petitioner appealed the verdict, raising five claims of error in the trial court: the denial of his motion to suppress, the denial of his motion for a speedy arraignment, the failure to sever the different robbery counts, allowing allegedly prejudicial hearsay evidence, and failing to suppress Petitioner's identification. In a summary per curiam opinion, the Missouri Court of Appeals affirmed the trial court in all respects. State v. Taylor, 998 S.W.2d 817 (Mo. Ct. App. 1999). Petitioner did not seek review by the Missouri Supreme Court.

In November 1999, Petitioner brought a motion for post-conviction relief in state court. In that motion, he argued that his trial counsel was ineffective for failing to preserve for review both Petitioner's right to a speedy trial and the issue of Petitioner's identification, and for failing to object to an allegedly improper closing statement. On October 31, 2005, the trial court denied Petitioner's motion. Petitioner appealed this decision. On February 27, 2007, the Missouri Court of Appeals affirmed the trial court, finding that claims of ineffective assistance for failure to preserve issues for appellate review are not cognizable in a post-conviction motion under Missouri law and that, in any event, Petitioner had not established that he was denied his right to a speedy trial.

Apparently in an attempt to revive his languishing post-conviction motion, Petitioner

filed a second motion for post-conviction relief on November 18, 2005. This motion claimed that Petitioner's trial counsel was ineffective for failing to present a defense, failing to investigate and interview the State's witnesses, and failing to subject the State's case to meaningful adversarial testing. Petitioner contends that this motion was brought pursuant to Missouri Supreme Court Rule 75.01 and that the court did not rule on the motion within the time allowed by that Rule. Accordingly, he contends that his second motion was deemed denied on November 30, 2005. However, Rule 75.01 merely provides that a trial court retains jurisdiction to consider motions to amend, vacate, or correct a judgment for thirty days after the issuance of that judgment. There is no provision in the Rule setting forth a time within which a court must rule on a motion for post-conviction relief, or indeed any other motion. There is no evidence in the record that any court has of yet issued a decision on Petitioner's second motion, nor is the motion itself part of the record before the Court.

Petitioner brought a state habeas petition in the Circuit Court for Washington County in September 2007. Although the petition itself is not in the record, Petitioner contends that the petition alleges that he was denied a speedy trial. That petition is apparently still pending. Two months after filing his state habeas petition, Petitioner filed the instant Petition.

The Petition raises three claims for relief. He first contends that his trial counsel was ineffective for failing to present a defense, investigate or interview witnesses, or subject the prosecution to meaningful adversarial testing. His second ground for relief is that the trial court erred in denying him the right to a speedy trial. His final ground for relief is that the

3

trial court erred in failing to sever the different robbery counts.

**A.    Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to claims that the prisoner has brought before the state court on direct appeal or in a state habeas proceeding, 28 U.S.C. § 2254(b)(1). The statute further limits the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d). Moreover, if the state prisoner failed to develop the factual basis for his claims in the state-court proceedings, this Court cannot hold an evidentiary hearing on those claims absent an intervening Supreme Court decision announcing a retroactive new rule of constitutional law or the discovery of new evidence and a showing that the claim is one of actual innocence. Id. § 2254(e)(2).[2]

Thus, this Court can consider Petitioner's claims only if those claims were fairly presented to the state court on direct review or in post-conviction proceedings, and if the state

---

[2] The Court sought supplemental briefing from the parties as to whether the Petition is timely under the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The State concedes that the Petition is timely.

court's ruling on those claims was contrary to or unreasonable in light of current Supreme Court law or the evidence presented.

**B.      Ineffective Assistance of Counsel**

To prove ineffective assistance of counsel, Petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

The State contends that this claim is procedurally defaulted because Petitioner failed to raise the claim in his state post-conviction Motions. "To avoid a procedural default, the habeas Petitioner must fairly present his claim to the state court, that is, he must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'" Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996) (quoting Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994)). In his previous Motions, Petitioner claimed that his counsel was ineffective for failing to preserve the speedy trial issue for appellate review, for failing to preserve the issue of Petitioner's identification for appellate review, and for failing to object to an allegedly improper closing argument. Here, he argues that his trial counsel was ineffective for failing to preserve the issue of severance of counts, for failing to investigate and interview the state's witnesses, for failing to present a defense, and for failing to subject

5

the prosecution to meaningful adversarial testing.

It appears that at least some of the ineffective-assistance-of-counsel claims Petitioner raises here are not the same claims that he raised in his state post-conviction motions. Therefore, it is likely that these claims are procedurally defaulted. However, because the record is not clear on precisely which ineffective-assistance claims Petitioner raised previously, the Court will err on the side of caution and consider the merits of Petitioner's claims that his trial counsel was ineffective. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.")

Reviewing Petitioner's current ineffective-assistance claims on the merits, however, is somewhat problematic. In the usual course, those claims would be reviewed under the stringent AEDPA standards set forth above. These standards require great deference to the state courts' adjudication of a claim. Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003) ("In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions.")

However, the Court cannot readily apply the AEDPA standard of review here because the state courts did not discuss Petitioner's current ineffective-assistance claims in any detail. Thus, the Court must review those claims under the less-stringent standards that were in

place prior to AEDPA. Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) (where state prisoner's habeas claim "apparently was not adjudicated by the [state] court, we likely should apply the pre-AEDPA standard of review"). But even without giving any special deference to the underlying state-court decisions, Petitioner's ineffective-assistance claims fail on the merits.

A review of the record shows that Petitioner's trial counsel (who also functioned as appellate counsel) conducted a vigorous defense. For example, counsel filed various pre-trial motions, including seeking to suppress Petitioner's identification, a motion to dismiss the indictment, and a motion to sever the charges against Petitioner. Counsel was active in the trial, conducting cross-examination of the state's witnesses, and presenting Petitioner's case. In fact, Petitioner himself expressed his satisfaction with his counsel's performance. The record simply does not support a claim that Petitioner's counsel "so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment." Auman, 67 F.3d at 162. The Petition must be denied on this point.

**C.     Failure to Sever**

Petitioner argued before the Missouri Court of Appeals that the trial court erred in failing to sever the counts of conviction. In denying his appeal, that court noted that Missouri law favors liberal joinder of counts and allows joinder for offenses "of the same or similar character." Taylor, slip op. at 11, (citing State v. Langston, 889 S.W.2d 93, 96 (Mo. Ct. App. 1994) and quoting Mo. Rev. Stat. § 545.140(2)). The court then determined that the offenses of conviction were of the same or similar character, as required by § 545.140(2).

Id. at 11-12. The court found that the trial court did not abuse its discretion in failing to sever. Id. at 12.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Petitioner claims that the trial court's failure to sever the robbery counts violated his rights to the due process of law under the 5th and 14th Amendments to the United States Constitution.[3] However, he points to no authority for the proposition that severance of counts is required by the Due Process Clause, and this Court can find none.

Even if Petitioner's contentions regarding severance stated a constitutional claim, however, the Missouri courts' determination that joinder of counts was appropriate here was not "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state court

---

[3] Petitioner appears to argue both that the failure to sever violated his constitutional rights and that his counsel's failure to preserve for appeal the severance issue constituted ineffective assistance of counsel. The Court has previously determined that Petitioner's counsel's performance was not constitutionally deficient.

8

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams, 529 U.S. at 411).

There is no "clearly established" United States Supreme Court precedent on when severance of counts is required. Thus, the Missouri Court of Appeals could not have "arrived at a conclusion [on this issue] opposite that reached by" the Supreme Court. Williams, 529 U.S. at 412-13. In addition, the state courts' adjudication of the severance claim does not constitute an 'objectively unreasonable application of' any United States Supreme Court precedent. As with Missouri law, the Federal Rules of Criminal Procedure allow for joinder of counts if the counts are of the "same or similar character." Fed. R. Crim. P. 8(a); see also Mo. Rev. Stat. § 545.140(2) (authorizing joinder of offenses "of the same or similar character"). The Missouri court determined that the robberies at issue were of the "same or similar character" because

> all the crimes were robberies, committed during the day, and occurred within the same vicinity of the City of St. Louis. Each victim was an elderly African-American male. Defendant initiated contact in each circumstance under the ruse he needed assistance with his car. In three of the four charged crimes, Defendant, by using a fictitious parent in distress, persuaded the victim to give his car a jump, directed the victim to drive down an alley, then pulled a gun out of a paper bag. In nearly every instance, Defendant wanted jewelry and money.

Taylor, No. ED74147, slip op. at 11-12. The court of appeals' conclusion that joinder was appropriate is simply not contrary to or an unreasonable application of federal law. The Petition must be denied as to this issue.

9

**D.     Speedy Trial**

Petitioner presented his claim that he was denied the right to a speedy trial in his first post-conviction Motion. Petitioner contends that he also raised a speedy trial claim in his third post-conviction motion in Missouri state courts, filed in September 2007, but there is no information in the record regarding that motion and the Missouri court has not issued a decision on it.

In denying Petitioner's first post-conviction motion, the trial court cited to standards articulated in State v. Bolin, 643 S.W.2d 806, 813 (Mo. 1983). Taylor v. State, No. 961-3691, slip op. at 4 (Mo. Cir. Ct. Oct. 31, 2005). The court noted that the Bolin court adopted the speedy-trial analysis of Barker v. Wingo, 407 U.S. 514, 530 (1972). In particular, the Bolin decision instructed Missouri courts to balance four factors in determining whether delay has deprived a criminal defendant of his constitutional rights: the length of delay, the reason for delay, the defendant's assertion of his right to a speedy trial, and prejudice to the defendant. Bolin, 643 S.W.2d at 813 (citing Barker, 407 U.S. at 530).

The trial court found that Petitioner had failed to demonstrate that he was prejudiced by the delay because Petitioner had offered only "vague and speculative" allegations about prejudice. Taylor v. State, No. 961-3691, slip op. at 6. "With regard to a speedy trial, unless the defendant can point to some actual prejudice, as by the loss of important witnesses or evidence due to the passage of time," there is no error. Id. at 6-7. Moreover, the court found that evidence of Petitioner's guilt was "substantial." Id. at 7. The court concluded that Petitioner was not denied his right to a speedy trial. Id.

Petitioner appealed this decision, and the Missouri Court of Appeals affirmed. That court noted that Petitioner was brought to trial within seven months of his initial appearance, and that almost one month of the delay between indictment and trial was attributable to Petitioner. Taylor v. State, No. ED87418, slip op. at 4 (Mo. Ct. App. Feb. 27, 2007). Citing Bolin, the court found that Petitioner had not demonstrated that he suffered any prejudice because of the delay.

Although the Court is sympathetic to Petitioner's contentions with respect to the denial of his right to a speedy trial, the Court's review of those claims is constrained by AEDPA. Under AEDPA, Petitioner has not established that the state courts' resolution of his claims was contrary to or an unreasonable application of Supreme Court precedent. Those courts followed the relevant Missouri precedent on a criminal defendant's speedy-trial rights, which is identical to the United States Supreme Court precedent on the issue. The application of that precedent to the facts was likewise not unreasonable. Petitioner did not make the specific showing of prejudice required under either federal or Missouri law. State v. Clark, 859 S.W.2d 782, 786 (Mo. Ct. App. 1993) ("The prejudice shown must be more than 'the real possibility of prejudice inherent in any extended delay; that memories will dim, witnesses will become inaccessible, and evidence will be lost.'") (quoting United States v. Marion, 404 U.S. 307, 325-26 (1971)).

Petitioner claims that the state court's factual determination was erroneous, in particular the court's conclusion that he sought continuances to hire counsel. Mere factual error, however, is not a proper basis for this Court to grant the Petition. Herrera v. Collins,

506 U.S. 390, 400 (1990) ("[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution — not to correct errors of fact.").

Petitioner has failed to show that he is entitled to a writ of habeas corpus on his speedy trial claim.

**CONCLUSION**

Petitioner's claims are not cognizable under AEDPA. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. The Application for Leave to Proceed In Forma Pauperis (Docket No. 2) is **DENIED as moot**;

3. The Motions for Appointment of Counsel and for an Evidentiary Hearing (Docket Nos. 9, 14) are **DENIED as moot**; and

4. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, June 23, 2008

             *s/ Paul A. Magnuson*
             Paul A. Magnuson
             United States District Court Judge