UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Robert Taylor, | No. 4:07-CV-1931 |
|     Petitioner, | |
| v. | **ORDER** |
| Don Roper, | |
|     Respondent. | |

This matter is before the Court[1] on Petitioner Robert Taylor's Notice of Appeal, which the Eighth Circuit Court of Appeals has instructed this Court to construe as an Application for a Certificate of Appealability ("COA"). Petitioner seeks appellate review of this Court's decision dismissing the Petition he brought pursuant to 28 U.S.C. § 2254. Petitioner is required to secure a COA prior to appealing the dismissal of his Petition. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). This Court cannot grant a COA unless the Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). "Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate." Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994). Instead, the Petitioner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16

---

[1] Chief Judge James B. Loken of the United States Court of Appeals for the Eighth Circuit designated and assigned the undersigned to this matter. (Docket No. 4.)

F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 529 U.S. 473, 475 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Petitioner presented three claims for review in his § 2254 Petition: ineffective assistance of counsel, prejudice from denial of a motion to sever counts, and denial of his right to a speedy trial.

As to the ineffective-assistance and failure-to-sever claims, Petitioner has not established that he was denied his constitutional rights. However, with respect to his speedy-trial claim, Petitioner has made the substantial showing required for the issuance of a COA. Thus, the Court grants a COA as to Petitioner's claim that he was denied his constitutional right to a speedy trial.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Application for a Certificate of Appealability is **GRANTED in part** and **DENIED in part** as set forth above.

Dated: Wednesday, July 23, 2008

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge